UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No: 13-58822 |
| Stephen Scott Briley | ) | |
| Lesia Denise Briley | ) | Chapter 13 |
| Debtors | ) | |
| | ) | |
| xxx-xx-6688 | ) | |
| xxx-xx-8683 | ) | |

## MODIFIED CHAPTER 13 PLAN

**Extension ( )**                                                                          **Composition ( X )**

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$625.00 monthly** to Trustee by Direct Payment for the applicable commitment period of **60 months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:
    _X_ IF CHECKED, **Plan payments will increase each pay period by $ 115.00 in month 28__**, upon completion or termination of  **401(k) loan repayment**.

  **Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

3. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3500.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$ 0.00** was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$3500.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the

1

$3500.00 after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to $300.00 per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $3500.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.
[INDICATE HERE HOW ADDITIONAL, NON-BASE FEES ARE TO BE PAID]

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   _X_ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ___ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| | | |
| | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   _X_ None; or

   C l a i m a n t   a n d   p r o p o s e d   t r e a t m e n t: _____

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Internal Revenue Service | 2790.00 |
| | |

2

|  |  |
|--|--|
|  |  |

## 6. Secured Claims.

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). <u>**Pre-confirmation adequate protection payments**</u>. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

___ directly to the creditor; or

_X__ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| SunTrust Bank | 2009 Jeep Commander | 100.00 |
| Capital One, N.A. (Best Buy) | Assorted electronics | 25.00 |

(ii). <u>**Post confirmation payments**</u>. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

_X__ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

_X_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Suntrust Bank | Jeep Commander | 10/09 | 13,000.00 | 5% | 250.00 |
| Capital One N.A. | Electronics | 2009 to 2012 | 500.00 | | 12.08 |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments in the amount of _1070.09_ which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Cenlar | Residence | 1079.00 | 18.00 |
| | | | |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| | |

4

|  |  |
|---|---|
|  |  |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$73,521.00**   After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$19,911.14** or **26%**, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

_X_ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

   (A). **Special classes of unsecured claims..**

   (B). **Other direct payments to creditor.**

   (C). **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with _3_% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non- administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

   (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

   (E) Other Provisions

5

1. Any federal tax refunds the Debtors are entitled to receive for the calendar years ending, 2013, 2014,and 2015,2016, and 2017 shall be paid into the Debtors' Chapter 13 case. Further, the Debtors authorize and instruct the internal Revenue Service to send any refund for said years directly to the Debtors' Chapter 13 Trustee." 11 U.S C. Sections 1325(a)(3) and 1325 (b)(1)(B).

2. Debtors will file Motion to Strip Lien against Nationstar Mortgage, LLC.

Any creditor which is to be paid directly under this plan is authorized and encouraged to send monthly billing statements to the debtors at the mailing address on record with the Bankruptcy Court in this case.

Date: October 8, 2013                Signature: /s/Stephen Scott Briley
                                     Stephen Scott Briley

                                     Signature: /s/ Lesia Denise Briley
                                     Lesia Denise Briley

Attorney: /s/ Carol S. Dew
        Carol S. Dew, State Bar No 219790
        428 W Highland Ave.
        Monroe, GA 30655
        (770)267-9700
        cdew@mindspring.com

6

# United States Bankruptcy Court
## Northern District of Georgia

In re  **Stephen Scott Briley**
**Lesia Denise Briley**                                           Case No.  **13-58822**

Debtor(s)                                                          Chapter  **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **October 8, 2013**, a copy of Modified Chapter 13 Plan; CerSer___ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

AllianceOne
4850 Street Rd.
Suite 300
Trevose, PA 19053

American Express
PO Box 650448
Dallas, TX 75262-0448

American Express
General Counsel Office
2900 Commerce Pkwy
Hollywood, FL 33025

American Express Centurion Ban
% Gerald E Moore & Assoc, PC
PO Box 876
Smyrna, GA 30081

Atlanta Gastroenterology
550 Peachtree Street NE
Suite 1620
Atlanta, GA 30308

Bank of America
PO Box 982238
El Paso, TX 79998

Budzik & Dynia, LLC
Attorneys at Law
4849 N. Milwaukee Ave.
Suite 801
Chicago, IL 60630

Capital One Bank
PO Box 71083
Charlotte, NC 28272-1083

Capital One, N.A.
% Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712

Cardiovascular Group
P. O. Box 102637
Atlanta, GA 30368

Cenlar
PO Box 211091
Saint Paul, MN 55121

Citicards
Box 6062
Sioux Falls, SD 57117

Discover
PO Box 71084
Charlotte, NC 28272-1084

Emory Eastside Medical Center
PO Box 99400
Louisville, KY 40269

FIA Card Services
Bankruptcy Department
PO Box 15102
Wilmington, DE 19886

Gatestone
PO Box 101928
Dept. 4947A
Birmingham, AL 35210-1928

Gwinnett Endoscopy Center
PO Box 537010
Atlanta, GA 30353-7010

HSBC / Best Buy
P.O. Box 15519
Wilmington, DE 19850

Internal Revenue Service
Insolvency
P O Box 21125
Philadelphia, PA 19114

Internal Revenue Service
Insolvency
PO Box 7317
Philadelphia, PA 19101-7317

Kohls/Capital One
PO Box 3115
Milwaukee, WI 53201-3115

Management Services Inc.
PO Box 1099
Langhorne, PA 19047

Management Services Incorporated
PO Box 1099
Langhorne, PA 19047

Nationstar Mortgage LLC
350 Highland Dr.
Lewisville, TX 75067

NCO Financial
507 Prudential Rd.
Horsham, PA 19044

NCO Financial Systems, Inc.
PO Box 17218
Dept. 64
Wilmington, DE 19850

Northland Group
PO Box 390905
Minneapolis, MN 55439

Payment America
POB 24850
Nashville, TN 37202

South Gwinnett Radiology, P.C.
P. O. Box 2993
Kennesaw, GA 30156-9170

Suntrust Bank Atlanta
55 Park Place NE
Ste 1055
Atlanta, GA 30303

United Community Bank
Attn: Vicki Owenby
P.O. Box 398
Blairsville, GA 30514

Uptain Group Inc.
4811 C Bradford Drive
Huntsville, AL 35805

Zwicker & Associates, PC
80 Minuteman Road
PO Box 9013
Andover, MA 01810

Adam Goodman, Trustee
260 Peachtree Street, S.W.
Suite 200
Atlanta, GA 30303

/s/ Carol S. Dew
Carol S. Dew 219790
Carol S. Dew, LLC
428 W. Highland Ave.
P.O. Box 30
Monroe, GA 30655
770-267-9700 Fax:770-267-6578
cdew@mindspring.com